UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
09-CV-943(JMR)


Lithograph Legends, LLC,            )
                                    )
            v.                      )      ORDER
                                    )
United States Trustee, and          )
Polaroid Corporation, Debtor        )
in Possession                       )

        Appellant, Lithograph Legends, LLC ("Patriarch"),[1] is before

the Court seeking an emergency stay pending appeal.  Patriarch is

a disappointed bidder who participated in a Bankruptcy Court-

administered auction of certain of defendant's assets, pursuant to

11 U.S.C. § 363(b).  Shortly after the auction's conclusion, the

Bankruptcy Court[2] ordered the auctioned assets sold to PLR

Acquisition, LLC, a joint venture between Hilco Consumer Capital,

L.P., and Gordon Brothers Brands, LLC ("Hilco/Gordon Brothers").

        Patriarch appealed the order approving the sale, and sought a

stay of the sale in the Bankruptcy Court, which denied its motion.

Patriarch has renewed its motion for a stay in the District Court.

Oral argument was heard on April 27, 2009.  For the following

reasons, the motion is denied.

_____

        [1] Appellant Lithograph Legends, LLC, is an affiliate of
Patriarch Partners, L.L.P.  For purposes of this Order, the Court
follows the parties' practice of referring to both Lithograph
Legends, LLC, and Patriarch Partners, L.L.P., as "Patriarch."

        [2] The Honorable Gregory F. Kishel, United States Bankruptcy
Judge.

I.  Background[3]

On December 18, 2008, Polaroid Corporation and a number of affiliated companies (collectively, the "Debtors" or "Polaroid") filed voluntary petitions for Chapter 11 bankruptcy.  Among its problems, Polaroid has been unable to fund its current operations from its regular cash flow.  Its present cash-flow needs are being met by using funds from the proceeds of a commercial tort claim settlement.  No party disputes that Polaroid's current cash burn rate will exhaust these funds within 45 days.

On January 28, 2009, the Debtors moved the Bankruptcy Court to approve procedures to sell their assets, pursuant to Section 363 of the Bankruptcy Code.  On February 18, 2009, the Bankruptcy Court approved, and began a lengthy bidding process.  The first two rounds of this process are of historic interest, but are not germane to the issues at bar.

The sale sought to be enjoined resulted from the third round of bidding.  This round was held before the Bankruptcy Judge on April 16, 2009.  A spirited auction was conducted between two bidders:  Patriarch and Hilco/Gordon Brothers.  This auction

---

[3] The facts in this case are largely undisputed.  The parties have submitted supporting affidavits and exhibits, including the orders and transcripts of proceedings before the Bankruptcy Court. The Debtors have offered the affidavit of their financial advisor, Stephen Spencer of Houlihan Lokey Howard & Zukin Capital, Inc., regarding its current financial condition and the likely effects if the sale is delayed.  The record on appeal has not yet been certified to this Court.

consumed no fewer than 27 bidding rounds.  It ended when Patriarch submitted a final, irrevocable bid of $86.4 million net to the estate, while Hilco/Gordon Brothers submitted a bid of $85.9 million.  The Debtors concluded Patriarch's bid was the highest and best.  Thus, the auction ended.

Immediately after the conclusion of the auction, the Debtors moved the Bankruptcy Court to approve Patriarch's bid, offering the testimony of their financial advisor, Stephen Spencer.  Polaroid's creditors, however, objected.  They argued that the Hilco/Gordon Brothers bid was superior.  After hearing argument and considering both bids, the Bankruptcy Court agreed with the creditors, finding the Hilco/Gordon Brothers bid superior.  The Bankruptcy Court denied the Debtors' motion to approve the sale to Patriarch.

After the denial of the motion to approve the sale to Patriarch, counsel for the Debtors moved for approval of the Hilco/Gordon Brothers bid.  The Bankruptcy Court granted that motion, and on April 17, 2009, entered an Order approving the sale (the "sale order").  Since that time, Debtors and Hilco/Gordon Brothers have been working to complete the sale.  They advise the Court that, absent a stay, they may be in a position to close the deal within a week.

Patriarch appealed the sale order to this Court, and almost simultaneously moved the Bankruptcy Court to stay the sale pending the outcome of its appeal.  The Bankruptcy Court denied the motion

3

on April 23, 2009.  Patriarch renews its motion for a stay in this Court.  Objections to Patriarch's motion have been filed by the Debtors [Docket No. 30], by the official unsecured creditors' committees in both the Polaroid and Petters Company bankruptcies [Docket Nos. 22, 27], by the Chapter 7 Trustee representing RWB Services LLC and certain other creditors [Docket No. 17], and by the Summit Group of companies [Docket No. 15].

II.  <u>Analysis</u>

In bankruptcy cases, as in all cases, a party seeking a stay pending appeal must demonstrate that (1) it is likely to succeed on the merits, (2) it will suffer irreparable injury unless the stay is granted, (3) no substantial harm will come to other interested parties, and (4) the stay will do no harm to the public interest. <u>James River Flood Control Assn. v. Watt</u>, 680 F.2d 543, 544 (8th Cir. 1982) (per curiam); <u>see also</u> <u>In re Ross</u>, 223 B.R. 702, 703 (B.A.P. 8th Cir. 1998).  Upon review of the materials and pleadings submitted, and after oral argument, the Court finds Patriarch has failed to meet its burden.

1.  <u>Patriarch's likelihood of success on the merits.</u>

As an initial matter, the parties dispute whether Patriarch has standing to challenge the sale.  The objectors claim Patriarch is a losing auction bidder, and therefore lacks standing to object. Patriarch replies that, having submitted a bid which was just over five-tenths of one per-cent higher than the other bidder, it won

4

the auction and is afforded standing. The Court finds it unnecessary to resolve the question. For purposes of this emergency application, the Court assumes Patriarch has standing. At the same time, the Court finds Patriarch has failed to show a probability of success on the merits of the appeal.

On an appeal of this type, the Court examines the Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo. In re Food Barn Stores, Inc., 107 F.3d 558, 561-62 (8th Cir. 1997). On matters committed to the Bankruptcy Court's discretion, the Court reverses only if there has been an abuse of discretion. Id. at 562.

Bankruptcy courts clearly "have wide discretion in structuring sales of estate assets." In re Wintz Cos., 219 F.3d 807, 812 (8th Cir. 2000). Until it enters an order confirming the sale, a bankruptcy court has "ample latitude to strike a satisfactory balance between the relevant factors of fairness, finality, integrity, and maximization of assets," and "must be accorded sufficient discretion to decide the truly close cases as best it can in view of these competing considerations." Food Barn, 107 F.3d at 565-66. Such discretion is not abused "if the court acts consistently with the rules by which the particular sale is conducted and in compliance with the bidders' reasonable expectations." Id. at 565. The Eighth Circuit considers this a "deferential standard." Id. After a bankruptcy court has entered

5

an order approving the sale - as occurred here - the interest in finality trumps the interest in estate enhancement unless "there is a grossly inadequate price or fraud in the conduct of the proceedings." Id.

Thus, to the extent Patriarch challenges the fairness of the auction and sale procedures, it must show the Bankruptcy Court abused its broad discretion. To the extent Patriarch asks this Court to set aside the sale order, it must show the purchase price is "grossly inadequate," or that the sale proceeding was tainted by fraud.

Patriarch appears quite unlikely to make the showing needed to set aside the sale order. Neither Patriarch's pleadings, nor its argument, suggests fraud or grossly inadequate price. The Court's own review of the transcripts provided reveals no hint of either possibility. Indeed, where the offers differ by barely half of one percent,[4] a suggestion of inadequate price would border on the frivolous. Patriarch has not shown a likelihood of prevailing on its appeal of the sale order.

Similarly, Patriarch has not shown a likelihood of prevailing on its claim that the Bankruptcy Court abused its discretion in

---

[4] Even this small cash discrepancy must be viewed with a jaundiced eye. Setting aside the $488,000 cash differential, out of offers of nearly $87,000,000, the offers were not at all identical. Based on the parties' representations, the offers differed significantly in terms of the assets retained by the debtor, the amounts of retained equity, and the possibility of dilution of the corporate ownership.

rejecting Patriarch's bid and accepting the Hilco/Gordon Brothers bid. Here, the Court "should evaluate the bankruptcy judge's decisions on a case by case basis, with due regard both for the parties' expectations and the judge's broad discretion to weigh the multifarious interests involved." Id. at 565.

A bankruptcy court may disapprove a proposed sale recommended by a debtor-in-possession "if it has an awareness there is another proposal in hand which, from the estate's point of view, is better or more acceptable." In re Broadmoor Place Investments, L.P., 994 F.2d 744, 746 (10th Cir. 1993). And, when considering whether a transaction will be in the estate's best interest, it is equally within a bankruptcy court's discretion to consider factors other than the dollar amount. See id. at 745 (affirming dismissal of appeal where bankruptcy court approved smaller non-contingent bid and rejected larger contingent bid).

Here, when denying the motion to approve Patriarch's bid, and later granting the motion to approve the Hilco/Gordon Brothers bid, the Bankruptcy Court did consider factors other than the barely discernable difference in dollar amount. Such a decision generally lies within a bankruptcy court's discretion, and Patriarch has not shown it is likely to the contrary in this case.

Neither is the Court faced with a situation where a potential bidder was improperly excluded from the auction process. Both Patriarch and Hilco/Gordon Brothers had full opportunity to

participate and bid.  Both were fully aware that, consistent with the auction procedures, there was no "winning bid" until the Bankruptcy Court declared a winner.  <u>See</u> <u>In re Payless Cashways, Inc.</u>, 281 B.R. 648, 652 (B.A.P. 8th Cir. 2002).

Even if the Bankruptcy Court took a flexible approach to the sale procedures, as Patriarch alleges, doing so was also well within its discretion.  An "unwavering adherence to formality is not normally advisable in bankruptcy cases."  <u>Food Barn</u>, 107 F.3d at 564.  Crediting each of Patriarch's allegations, the Court finds it unlikely that Patriarch will be able to show the Bankruptcy Court's conduct of this auction and sale falls outside the range of its discretion.  Accordingly, this factor weighs against granting the stay.

2.  <u>Patriarch's showing of irreparable injury.</u>

If Patriarch does not obtain a stay, and the property is sold, the sale will moot Patriarch's appeal.  <u>See</u> 11 U.S.C. § 363(m); <u>In re Wintz Cos.</u>, 219 F.3d at 811; <u>see also</u> <u>In re Trism, Inc.</u>, 328 F.3d 1003, 1006 (8th Cir. 2003).  On the other hand, Patriarch was seeking to purchase an asset, and was competing for that asset with another interested bidder.  In such an instance, one party generally prevails, and the other is disappointed.  Such are the expectations of competing purchasers.  But for the purposes of this motion, the Court can find Patriarch has shown irreparable injury; this factor favors granting the stay.

3.   <u>No substantial harm to other interested parties.</u>

The objectors contend, and Patriarch does not seriously dispute, that delay of the sale risks serious harm to virtually every interested party.   Patriarch's motion is widely opposed.   Indeed, at oral argument the Debtors, who had initially supported Patriarch's bid, urged this Court to let the sale proceed.   The Debtors emphasize the value of finality in this entire transaction.   The same expert who valued Patriarch's bid slightly higher in the proceedings before the Bankruptcy Court, now states that Polaroid's customers and vendors are seeking "long overdue resolution to the company's tenuous financial and operational circumstances." (Affidavit of Stephen Spencer at ¶3C, attached as Exhibit B to Polaroid's Objection.)

While a protracted lawsuit may be of interest to lawyers, Polaroid is a manufacturing company.   It makes and sells consumer products.   And while it may be engaged in any number of highly-contested legal proceedings, its employees, its potential profits, and its customers are dependent on its operations.   These will not be enhanced by this Court's issuing a stay, or voiding a now-days-away sale, and casting its future, and importantly, its future operating funds, into doubt.

Debtors represent, without contradiction, that they are spending their remaining funds at the rate of $3 million per month.   They will completely exhaust their unencumbered funds within 45

9

days.  They argue that any delay will strain their relationships with employees, customers, suppliers, and others needed to preserve the value of the brand and the estate.

This concern is echoed and amplified by the Summit Group, which manufactures and distributes Polaroid-branded digital cameras and picture frames.  The Summit Group notes that "the stability and viability of the Polaroid brand is already under critical scrutiny," and any stay will impair its ability to market the brand.  In particular, if the sale does not close soon, retailers may lose confidence that Polaroid can meet approaching deadlines for holiday orders.  (Objection of Summit Technology Group, LLC, et al., at 3.)  In such an event, Polaroid could lose goodwill, reputation, shelf space, and millions of dollars in profits, all of which would cause significant harm to the bankruptcy estate.

The Court concludes that a stay will cause substantial harm to other interested parties.  The Debtors are bleeding cash.  Even a brief delay appears to be a lose-lose proposition, making it harder for Debtors to sell the company, and also harder for whoever buys the company to market Polaroid products.  Even if Patriarch succeeded on the merits, in this Court's view the estate's eventual gain of $488,000 - less than one week's expenses for Debtors - does not outweigh the imminent and substantial harm to the bankruptcy estate.

Patriarch suggests that an expedited briefing schedule would

eliminate or reduce the risk.  (Patriarch's Am. Mem. at 27.)  The Court does not agree.  Time is of the essence.  The parties cannot control the pace of appellate review, either in this Court or in the Eighth Circuit Court of Appeals.  Nor does the Court find that a supersedeas bond or letter of credit, in any amount – a point upon which Patriarch's memorandum is unconscionably silent – would sufficiently protect the non-moving parties' interests.

This factor favors denying the stay.

4.  <u>No harm to the public interest.</u>

Patriarch makes absolutely no showing on this factor.  In the Court's view, the public interest is best served by maximizing the value of the bankruptcy estate.  Here, objectors have convincingly demonstrated a strong likelihood that delay will diminish the estate's value; Patriarch has provided no meaningful evidence to the contrary.  This factor favors denying the stay.

III.  <u>Conclusion</u>

Having balanced the <u>James River</u> factors, the Court finds Patriarch has failed to establish either the necessity of, or its entitlement to, a stay of the Bankruptcy Court's sale order dated April 17, 2009.

For the foregoing reasons, IT IS ORDERED that Patriarch's emergency motion for a stay pending appeal [Docket No. 1] is denied.

Dated:  April 30, 2009

s/ JAMES M. ROSENBAUM
JAMES M. ROSENBAUM
United States District Judge